UNIGARD INSURANCE COMPANY, APPELLEE, *v.*
COLUMBUS GREEN CABS, INC., APPELLANT.

[Cite as Unigard Ins. Co. v. Green Cabs (1980),
67 Ohio App. 2d 152.]

(No. 79AP-764—Decided March 11, 1980.)

*Messrs. Frost, King, Freytag & Carpenter* and *Mr. Daniel R. Freytag,* for appellee.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Charles E. Brown* and *Mr. William J. Burns, Jr.,* for appellant.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County. The parties stipulated the facts as follows:

"(1) On October 9, 1976, plaintiff Unigard Insurance Company had in full force and effect a motor vehicle liability policy of insurance issued to Lloyd Daniels. A copy of said policy is attached hereto as Exhibit A.

"(2) On October 9, 1976, defendant had on file with the Registrar of Motor Vehicles of the State of Ohio a certificate of self-insurance. A copy of said certificate is attached hereto as Exhibit B.

"(3) On October 9, 1976, Eula Daniels was the wife of plaintiff's insured, Lloyd Daniels, and was therefore an in-

sured under the policy issued by plaintiff Unigard Insurance Company.

"(4) On October 9, 1976, Eula Daniels was riding as a paying passenger in a taxicab owned by defendant Columbus Green Cabs, Inc. and operated by defendant's employee on Glenwood near Sullivant in Columbus, Ohio.

"(5) At said location, the aforesaid vehicle owned by defendant was negligently struck by an unidentified pickup truck, which left the scene of the accident. At all times since October 9, 1976, the identities of the owner or driver of the aforesaid pickup truck have been and continue to be unknown.

"(6) As a result of the negligence of the unidentified driver of the aforesaid pickup truck, Eula Daniels claims and alleges to have suffered personal injury and has made a demand upon plaintiff Unigard Insurance Company for uninsured motorists compensation pursuant to the policy of insurance attached hereto as Exhibit A.

"(7) Plaintiff Unigard Insurance Company has made a demand upon defendant Columbus Green Cabs, Inc. for defendant to provide the primary uninsured motorists coverage to Eula Daniels for her alleged personal injuries pursuant to defendant's certificate of self-insurance and Ohio statutory law. Defendant has rejected said demand and has failed and refused to provide primary uninsured motorists coverage to Eula Daniels."

The foregoing stipulations were submitted to the court, along with briefs, without oral hearing. Subsequently, the trial court filed the following judgment entry:

"This matter came on before the Court upon a stipulation of fact and motions for summary judgment filed by plaintiff Unigard Insurance Company and defendant Columbus Green Cabs, Inc.

"For the reasons stated in the Court's decision of August 24, 1979, the motion for summary judgment of plaintiff Unigard Insurance Company is hereby sustained, and the motion of defendant Columbus Green Cabs, Inc. is hereby overruled.

"It is ordered, adjudged and decreed that defendant Columbus Green Cabs, Inc. provide uninsured motorist coverage to Eula Daniels up to a maximum amount of Twelve Thousand, Five Hundred Dollars ($12,500.00) for her injuries claimed to

have been sustained in the accident which occurred on October 9, 1976.

"It is further ordered, adjudged and decreed that the uninsured motorist coverage which defendant Columbus Green Cabs, Inc. must provide to Eula Daniels is primary coverage and the coverage available to Eula Daniels under the policy of insurance of Unigard Insurance Company is secondary coverage.

"It is further ordered, adjudged and decreed that the counterclaim of defendant Columbus Green Cabs, Inc. against plaintiff Unigard Insurance Company is dismissed with prejudice. Costs to defendant."

The trial court, in its conclusions of law, applied R. C. 4509.45, which provides, in relevant part, as follows:

"Proof of financial responsibility***may be given by filing any of the following:

"***

"(D) A certificate of self-insurance, as provided in section 4509.72 of the Revised Code, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to the self-insurer."

Further, the court considered R. C. 3937.18, which reads, in part, as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. The named insured shall have the right to reject such coverage, or may require the issuance of coverage for

bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

The trial court determined that defendant-appellant, Columbus Green Cabs, Inc., as a self-insurer, was required to provide uninsured motorist coverage in the same manner as an insurance carrier. Accordingly, the motion for summary judgment of plaintiff-appellee, Unigard Insurance Company, was sustained, requiring appellant to afford uninsured motorist coverage to Eula Daniels up to a maximum amount of $12,500 for injuries claimed to have been sustained in the accident of October 9, 1976.

Appellant has perfected this appeal, including the following assignment of error:

"The Trial Court errored [*sic*] in finding that O.R.C. §3937.18 requires a self-insurer to afford to itself uninsured motorist coverage."

The Supreme Court, in *Grange Mut. Cas. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58, held, in the first paragraph of the syllabus, that:

"R. C. 3937.18 requires that every automobile liability insurance policy issued in this state provide uninsured motorist protection, and such coverage can be eliminated from a policy of insurance only by the insured's express rejection thereof."

The terms of R. C. 4509.45(D) equate a certificate of self-insurance to a motor vehicle liability policy by the following language: "*** he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy ***."

This court recognizes the distinction between financial responsibility bonds and certificates of self-insurance set forth in R. C. 4509.45(B) and (D), respectively. The latter corresponds with the requirements of automotive liability insurance, while the former merely provides bond coverage. (Cf. *Kerr* v. *Personal Service Ins. Co.* [1975], 44 Ohio App. 2d 1.)

The intent of R. C. 4509.45(D) is to place a self-insurer in the same position as one who has purchased a motor vehicle liability policy. The General Assembly has specifically delineated this obligation. As noted in the foregoing statute (R. C. 3937.18), the insured may expressly reject uninsured motorist coverage; but, in this case, the record does not show an express rejection. Thus, the self-insurer must provide uninsured motorist coverage. Accordingly, appellant's assignment of error is not well taken and is overruled.

Whereupon, for the foregoing reasons, the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and MOYER, J., concur.