SNYDER, APPELLANT, *v.* ROADWAY
EXPRESS, INC., APPELLEE.

(No. 10530—Decided June 30, 1982.)

*Mr. Harry A. Tipping,* for appellant.
*Mr. Donald A. Powell,* for appellee.

MAHONEY, P.J. Plaintiff, Herbert Snyder, appeals from a summary judgment of the Summit County Court of Common Pleas finding that defendant, Roadway Express, Inc., as a self insurer, need not provide uninsured motorist coverage to him as a truck-driver employee. We affirm.

## Facts

On March 19, 1981, Snyder, while employed as a truck driver for Roadway, sustained personal injuries in a collision with an uninsured motorist. He then filed a workers' compensation claim. Since Roadway is also a self-insurer with regard to workers' compensation, it paid Snyder's medical expenses. Both sides conceded that Roadway is a self-insurer with regard to motor vehicle liability insurance. Snyder then requested coverage from Roadway as to uninsured motorist coverage and was informed that it had none.

Snyder then filed this action seeking a declaratory judgment requiring Roadway, as a self-insurer, to provide unin-sured motorist coverage. Roadway moved for summary judgment stating that, since it had paid Snyder's medical expenses pursuant to the workers' compensation claim, it was not liable under R.C. 4123.74 and Section 35, Article II of the Ohio Constitution. It further argued that it was not an insurance carrier within the meaning of R.C. 3937.18.

## Discussion
### Assignment of Error

"The trial court erred in granting defendant's motion for summary judgment as reasonable minds can come to differing conclusions as to whether defendant, as a self-insurer, must comply with Ohio Revised Code Section 3937.18 which requires an insurer to offer an insured uninsured motorist coverage."

Snyder contends that since Roadway is a self-insurer it should be required to provide uninsured motorist coverage under R.C. 3937.18.

A person can become a self-insurer and obtain a certificate of self-insurance from the Registrar of Motor Vehicles pursuant to R.C. 4509.72, provided that person owns more than twenty-five vehicles and "is of sufficient financial ability to pay judgments against him."

Once a person obtains a certificate of self-insurance he may use the certificate to prove financial responsibility by filing it with the registrar along with an agreement to pay whatever amounts an insurer would have been obligated to pay under an owner's motor vehicle liability policy. R.C. 4509.45 (D). It has been held that when one files a certificate of self-insurance with the registrar along with the supplemental agreement as outlined in R.C. 4509.45 (D), he must provide uninsured motorist coverage. *Unigard Ins. Co.* v. *Green Cabs* (1980), 67 Ohio App. 2d 152 [21 O.O.3d 452].[1] That court's reason-

---

[1] This case involved a paying passenger in a taxicab whose owner was self-insured. The passenger was injured in a collision with an unidentified truck which left the scene. The

ing was that by complying with the filing provisions of R.C. 4509.45 (D), the self-insurer expressly agrees to pay all amounts that would be payable under a liability insurance policy, including uninsured motorist coverage under R.C. 3937.18, unless the self-insurer has expressly rejected the coverage. We cannot agree with that reasoning.

We do not believe that R.C. 3937.18 was intended to apply to self-insurers. It applies to insurance carriers authorized to write motor vehicle liability insurance policies. Nowhere does the statute mention self-insurers. If we were to assume that it did apply, we would have the anomalous situation where one has the right to reject an offer of insurance to one's self. We do not believe the legislature intended such an absurd result. Moreover, even if the statute is applicable, we believe the insured's rejection must be presumed.

Ohio does not have mandatory motor vehicle insurance coverage. Our motor vehicle financial responsibility law is a partial protection for those injured or damaged in certain defined accidents. It requires drivers or owners whose vehicles may be involved to post security (R.C. 4509.12) or produce one of the exempted alternatives (see R.C. 4509.19 and 4509.45) for the protection of that injured party. If he is unable to do so, then that driver's or owner's license and/or registration is suspended. That is the only protection that the financial responsibility law provides against the uninsured motorist. To interpret R.C. 4509.45 (D) as requiring a self-insurer to comply with R.C. 3937.18 would require him to provide more coverage than that required of a driver or owner who posts money or a bond or whose vehicle is exempted under R.C. 4509.19. We do not believe the legislature intended such a result. Ohio's

financial responsibility law is designed to protect the public by keeping the uninsured motorist off the highways until he satisfies the liability against him and, in certain instances, files proof of future financial responsibility.

It should also be kept in mind that Snyder could have purchased the same insurance coverage and protected himself.

Unlike Ohio, New Jersey's statutes require insurance coverage, including uninsured motorist coverage, for all motor vehicles. Further, New Jersey has a state-operated fund for unsatisfied judgments against uninsured motorists and permits no-fault coverage. Thus, the New Jersey cases cited by appellant are not relevant to Ohio law.

We do not reach the argument on the applicability of R.C. 4123.74.

### Summary

The assignment of error is overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

VICTOR and QUILLIN, JJ., concur.

---

passenger's insurer sued the taxicab company as a self-insurer to provide primary uninsured motorist coverage.