**Donald MACDONALD, Jr., Plaintiff,**

v.

**PACIFIC EMPLOYERS INSURANCE COMPANY, Defendant.**

No. 1:01 CV 2814.

United States District Court,
N.D. Ohio,
Eastern Division.

July 26, 2002.

David A. Kulwicki, Becker & Mishkind Co., L.P.A., Cleveland, OH, for Plaintiff.

Michael L. Golding, Moscarino & Treu, Cleveland, OH, Steven J. Forbes, Norchi & Associates, Commerce Park IV, Beachwood, OH, for Defendant.

### Memorandum of Opinion and Order

GAUGHAN, District Judge.

## INTRODUCTION

This matter is before the Court upon the Motion for Summary Judgment of Pacific Employers Insurance Company (Doc. 19). This cases arises out of injuries sustained by plaintiff in a motor vehicle accident. Plaintiff seeks a declaration that he is entitled to coverage under a policy issued by defendant to plaintiff's employer, compensatory and punitive damages and interest. For the following reasons, the Motion is GRANTED.

## FACTS

On November 14, 1999, plaintiff Donald MacDonald suffered severe personal injuries when his vehicle was struck by a vehicle operated by an underinsured motorist. (Compl. ¶¶ 3–4). At the time of the accident, plaintiff was an employee of J.E. Merit Constructors, Inc. (hereafter "J.E. Merit"). (Compl. ¶ 7).

Defendant Pacific Employers Insurance Company issued Business Auto Policy No. ISA H07831997 to J.E. Merit with a policy period of July 1, 1999 to July 1, 2000 (hereafter "Policy"). (Deft. Ex. A; Galganski Aff. ¶ 5). The Policy has liability limits of $5,000,000.00 and a matching deductible of $5,000,000.00. (Deft. Ex. A;

Cook Aff. ¶ 5). J.E. Merit purchased the policy to satisfy the financial responsibility statutes of a number of states, including Ohio, where company vehicles were being operated. (Galganski Aff. ¶ 6). However, under the terms of the Policy, J.E. Merit remains entirely responsible for all losses, including administrative costs and expenses incurred in the processing of claims. (Cook Aff. ¶ 7; Galganski Aff. ¶¶ 8–9). In addition, Jacobs Engineering Group, Inc., J.E. Merit's parent corporation, has executed letters of credit and/or bonds in favor of defendant that secure J.E. Merit's responsibility for all losses and payments incurred under the Policy, even in the event of bankruptcy. (Galganski Aff. ¶¶ 4, 10).

The Policy does not include a uninsured/underinsured motorists (hereafter "UM/UIM") coverage section. (Deft.Ex. A). Michael Carlin, who at all times relevant was the Manager of Corporate Risk Management for J.E. Merit, avers that it is J.E. Merit's corporate practice "not to purchase uninsured/underinsured motorist coverage because it is self-insured." (Carlin Aff. ¶¶ 3–4). For this reason, Carlin executed a Selection Form rejecting UM/UIM coverage in Ohio on August 6, 1998. (Carlin Aff. ¶ 6; Deft. Ex. A).

Plaintiff originally filed suit in the Lorain County Court of Common Pleas. Defendant removed the case to this Court on December 13, 2001. On March 26, 2002, this Court denied plaintiff's Motion to Remand.

The Complaint sets forth three causes of action. Count One seeks a declaration that plaintiff is entitled to recover UIM benefits under the Policy. Count Two alleges breach of contract. Count Three alleges defendant acted tortiously and in bad faith by refusing to provide plaintiff with UIM coverage.

Defendant moves for summary judgment. Plaintiff opposes defendant's Motion and seeks summary judgment in his own favor.[1]

### STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir.1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

1. Plaintiff titles Doc. 24 "Plaintiff's Memorandum Contra Defendant Pacific Employers Insurance Company's Motion for Summary Judgment and Motion for Summary Judgment in His Favor." The deadline for filing dispositive motions was May 15, 2002. Filed on June 25, 2002, plaintiff's Motion is untimely.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir.1995); *United States v. Hodges X–Ray, Inc.*, 759 F.2d 557, 562 (6th Cir.1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex*, 477 U.S. 317, 106 S.Ct. 2548).

*THE POLICY PROVISIONS*

The Policy provisions at issue in this case include the following:

**ITEM TWO. SCHEDULE OF COVERAGES AND COVERED AUTOS:**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| Liability | 1 | $5,000,000 | $1,763 |
| * * * | * | * * | |
| Uninsured Motorists | 6 | $ Minimum Limits required by Law | $ Included |
| Underinsured Motorists (when not included in Uninsured Motorists Coverage) | 6 | $ Minimum Limits required by Law | $ Included |

\* \* \* \* \* \*

**BUSINESS AUTO COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V—DEFINITIONS.

**SECTION I–COVERED AUTOS**

ITEM TWO of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

## A. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS

SYMBOL DESCRIPTION

1 = ANY "AUTO"

\* \* \* \* \* \*

6 = OWNED "AUTOS" SUBJECT TO A COMPULSORY UNINSURED MOTORISTS LAW. Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorist Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement.

(Deft.Ex. A).

SECTION II–LIABILITY COVERAGE defines "insured" as follows:

### 1. WHO IS AN INSURED

a. You for any covered "auto".

(Deft.Ex. A).

### DISCUSSION

Defendant argues that it is entitled to summary judgment because (1) plaintiff is not an insured under the Policy; (2) J.E. Merit is self-insured in a practical sense and not required to offer UIM coverage to itself or have been offered UIM coverage by defendant; and (3) J.E. Merit executed a timely and valid written rejection of UIM coverage in connection with the Policy.

Plaintiff responds by arguing that he is an insured under the Policy in accordance with the holding of the Supreme Court of Ohio in *Scott–Pontzer v. Liberty Mutual Fire Insurance Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), because he was employed by the named insured and liability coverage under the Policy extends to "any auto." Plaintiff also argues that J.E. Merit is not self-insured and defendant's offer and J.E. Merit's rejection of UIM/UM coverage are invalid in light of the requirements of Ohio law. Thus, according to plaintiff, UIM coverage arises by operation of law for his benefit.

■ In accordance with former Ohio Revised Code § 3937.18(A)[2], insurance companies must offer UM and UIM coverage with every automobile liability or motor vehicle liability policy delivered or issued in Ohio. *Gyori v. Johnston Coca–Cola Bottling Group, Inc.*, 76 Ohio St.3d 565, 669 N.E.2d 824, 826 (1996) (citing *Abate v. Pioneer Mutual Casualty Co.*, 22 Ohio St.2d 161, 258 N.E.2d 429 (1970), *syllabus*). In the event an insurer is subject to and fails to comply with O.R.C. § 3937.18, UM/UIM coverage arises by operation of law at an amount equivalent to the limit of liability. *Id.* Thus, the first issue this Court must address is whether the Policy provides UIM coverage expressly or by operation of law. In the event no UIM coverage is provided by the Policy, this Court need not determine whether J.E. Merit adequately rejected such coverage or if plaintiff would be entitled to such coverage if it existed. *See Martin v. Liberty Mut. Ins. Co.*, 187 F.Supp.2d 896, 900 (N.D.Ohio 2001); *Fonseca v. Fetter*, No. CI 99–4712, 2001 WL 1860380, \*7 (Ohio C.C.P.2001).

■ This Court finds that the Policy does not expressly provide UIM coverage for the accident at issue in this case. Un-

---

**2.** All references to Ohio statutes are to the versions in effect on July 1, 1999. *See Ross v. Farmers Ins. Group of Companies*, 82 Ohio St.3d 281, 695 N.E.2d 732 (1998), *syllabus* ("For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties.").

der the terms of the Policy, UM/UIM coverage is provided only for autos licensed or principally garaged in states that require and do not permit rejection of UM/UIM coverage. Ohio law permits such rejection. *See* O.R.C. § 3937.18(C) ("A named insured or applicant may reject or accept both [UM and UIM] coverages as offered [or] alternatively select both such coverages in accordance with a schedule of limits approved by the superintendent."). Thus, cars licensed or principally garaged in Ohio are not covered autos for the purpose of UM/UIM coverage under the express terms of the Policy. The Policy does not contain any provision or endorsement which indicates that UIM coverage was provided for vehicles licensed, operated or principally garaged in the State of Ohio. Even assuming the term "you" could be interpreted to refer to plaintiff under the holding of *Scott–Pontzer*, plaintiff's vehicle is not a covered auto for UM/UIM purposes.

 This Court also finds that UIM coverage under the Policy does not arise by operation of law because J.E. Merit qualifies as a self-insurer "in the practical sense" due to the fact that the Policy at issue in this case is a "fronting"[3] policy with matching liability limits and deductible.

 The mandatory offer requirements of O.R.C. § 3937.18 do not apply to self-insurers. *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp.* 21 Ohio St.3d 47, 487 N.E.2d 310 (1986), *syllabus.*

*See also Snyder v. Roadway Exp., Inc.,* 7 Ohio App.3d 218, 455 N.E.2d 11, 12 (1982) (noting application of O.R.C. § 3937.18 to self-insurers would create "the anomalous situation where one has the right to reject an offer of insurance to one's self"). It is undisputed that J.E. Merit does not meet the statutory requirements for self-insurance. However, numerous courts applying Ohio law have held that an employer may be exempt from the mandatory offer requirements of O.R.C. § 3937.18 if it is a self-insurer "in the practical sense."

In *Refiners Transport,* the accident victim's employer Refiners sought to satisfy Ohio's financial responsibility requirements by purchasing a financial responsibility bond for the first $100,000.00 of loss and two excess insurance policies. 487 N.E.2d at 311. Neither the bond nor the excess policies expressly contained UM/UIM coverage. *Id.* The court determined that Refiners

> was not a "self-insurer" in the legal sense contemplated by R.C. 4509.45(D) and 4509.72, but rather in the practical sense in that Refiners was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim.

*Id.* at 313. The court then held that "the uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals" and UM/UIM coverage could not be imposed by operation of law. *Id.* at 313–314.

---

**3.** A policy with a deductible equal to its liability limits is only one method of creating a fronting policy. *Playtex FP, Inc. v. Columbia Cas. Co.,* 609 A.2d 1087, 1091 (Del.Super.1991). A fronting policy does not transfer risk in the same way an ordinary insurance policy does. *Id.* Instead, fronting policies are used by large companies "to comply with statutory filing requirements, and for business purposes such as leasing property or equip-ment and satisfying vendors' requirements for insurance coverage." *Id.* Stated another way, a "fronting agreement is a plan whereby a business may rent an insurance company's licensing and filing abilities in a particular state." *Fonseca v. Fetter,* No. CI 99–4712, 2001 WL 1868858, *3 (Ohio C.C.P. June 15, 2001). *See also McCollum v. Continental Ins. Co.,* No. L–92–141, 1993 WL 382455, *3 (Ohio App. 6 Dist. April 9, 1993).

Relying on *Refiners Transport,* the court in *Lafferty v. Reliance Ins. Co.,* 109 F.Supp.2d 837, 842 (S.D.Ohio 2000), held that an employer with a matching deductible fronting policy "was a self-insurer in the practical sense and [the] policy was not subject to the provisions of O.R.C. § 3937.18." Like the Policy at issue in this case, the *Lafferty* policy had matching liability and deductible amounts of $5,000,000.00. *Id.* at 841. In addition, the employer's obligation to reimburse the insurer for payments made was secured by a letter of credit. *Id.* Under those circumstances, the court refused to impose UM/ UIM coverage by operation of law. *Id.*

The court in *Fonseca* reached the same conclusion under similar circumstances. 2001 WL 1860380, at *10. After first determining that the employer did not technically qualify as a self-insurer under Ohio law, the court nonetheless determined that it qualified "in the practical sense" and was exempt from the mandatory offer requirements of O.R.C. § 3937.18. *Id.* The basis for the court's conclusion was its finding that "the deductible of each of the three policies is equal to the limits of liability for each policy. Hence, the risk of loss never leaves the insured." *Id. See also Marshall v. ACE USA,* No. CA2001–09–083, 2002 WL 1009470, *4 (Ohio App. 12th Dist. May 20, 2002) (stating in dicta that employer was not subject to former O.R.C. § 3937.18(A) because fronting policy rendered employer "in effect, a self-insurer"); *DeWalt v. State Farm Ins. Co.,* No. 96CV001173 (Ohio C.C.P. Sept. 11, 1997) (holding "that a self-insurer in the practical sense is not required to comply with R.C. 3937.18" in case involving the same insurance policy between the same parties at issue in *Lafferty*); *McCollum,* 1993 WL 382455, *5 (finding fronting policy under which insurer was required to pay claims and was automatically reimbursed by employer rendered employer self-insured "in

a practical sense" and not subject to former O.R.C. § 3937.18(A)); *Dolly v. Old Republic Ins. Co.,* 200 F.Supp.2d 823, 832– 839 (N.D.Ohio 2002) (finding policy with matching deductible and indemnity agreement, combined with letter of credit from insured employer, not subject to former O.R.C. § 3937.18).

■ As explained by the court in *McCollum v. Continental Ins. Co.,* No. L– 92–141, 1993 WL 382455, *4 (Ohio App. 6 Dist. April 9, 1993),

> Self-insurance is "the practice of setting aside a fund to meet losses instead of insuring against such through insurance." Self-insurance is the antithesis of insurance. Insurance shifts the risk of loss from the insured to the insurer. A self-insurer retains the risk of loss imposed by law or contract.

(citations omitted). *See also Physicians Ins. Co. of Ohio v. Grandview Hosp. & Med. Ctr.,* 44 Ohio App.3d 157, 542 N.E.2d 706, 707 (1988).

The terms of the Policy at issue in this case ensure that J.E. Merit retains all risk of loss. Thus, this Court finds that J.E. Merit is a self-insurer in the practical sense and the Policy it obtained is not subject to the mandatory offer requirements of O.R.C. § 3937.18. Therefore, UM/ UIM coverage cannot be read into the Policy by operation of law.

Plaintiff argues that defendant's constructive or practical self-insurance does not exempt it from the requirements of O.R.C. § 3937.18. For the reasons stated above, plaintiff's argument lacks merit. In addition, the cases cited by plaintiff do not support his position. Plaintiff cites *Roberts v. State Farm Mutual Insurance Co.,* No. 00–CV–0886 (Ohio C.C.P. June 7, 2001), and *Caylor v. Pacific Employers Insurance Company,* No. 99–400 (Ohio C.C.P. Aug. 3, 2001), for the proposition

that defendant's self-insurance argument has been "squarely rejected" by Ohio courts. However, these cases are either distinguishable or inapplicable.

The policy at issue in *Roberts* was not a true fronting policy. In that case, the terms of the policy required the insurer to bear the initial risk of loss for all claims. No. 00–CV–0886 at 10. For claims under $500,000.00, the insurer was entitled to seek reimbursement from a separate entity created by the insured employer for this purpose. *Id.* For claims above $500,000.00, the insurer bore the ultimate loss. *Id.* Based on these facts, the court concluded that the employer was not self-insured in the practical sense. *Id.* Thus, the policy at issue was not exempt from the mandatory offer requirements of O.R.C. § 3937.18. *Id.*

Contrary to plaintiff's assertion, the issue of self-insurance was not raised in *Caylor.* Thus, that case has no bearing on the one currently before this Court.

Because UIM coverage is not provided for under the Policy either explicitly or by operation of law, it is not necessary to determine if J.E. Merit properly rejected such coverage or whether plaintiff is an insured under the Policy. Plaintiff is not entitled to a declaratory judgment of UIM coverage. In addition, because UIM coverage is not available under the Policy, defendant is entitled to summary judgment as to plaintiff's breach of contract and bad faith claims.

## CONCLUSION

For these reasons, the Motion for Summary Judgment of Pacific Employers Insurance Company is granted.

IT IS SO ORDERED.