OPINION
 STATEMENT OF THE FACTS AND CASE {¶ 1} On June 24, 1998, Appellant Thomas Rupple was involved in a motorcycle-automobile accident, as a result of which he suffered bodily injury. The accident was caused by the negligence of Rachel L. Moore, who admitted liability for the accident. Ms. Moore's automobile insurer tendered its policy limits of $25,000.00 in exchange for a release.
 {¶ 2} At the time of the accident, Appellant had an automobile policy of insurance with Progressive Insurance Company with a policy limit of $100,000.00. Progressive paid Appellant $75,000.00, representing the $100,000.00 policy limit less the set-off of the $25,000.00 paid by the tortfeasor's insurer.
 {¶ 3} Appellant has also made a claim for underinsured motorist coverage under a commercial automobile insurance policy issued by Defendant-Appellee Continental Casualty Company (Continental) to Hess 
Clark, Inc., Appellant's employer. Hess Clark, Inc. is a wholly owned subsidiary of United Agri products, Inc. (UAP), which in turn, is a wholly owned subsidiary of ConAgra, Inc. nka ConAgra Foods, Inc. (ConAgra). ConAgra is the named insured on the Continental policy. The policy also contains an endorsement under which it is agreed that the named insured includes any affiliated or subsidiary companies.
 {¶ 4} Additionally, Appellant also made a claim for underinsured motorist coverage under his homeowner's insurance policy issued by Defendant-Appellee Auto-Owner's Insurance Company (Auto-Owner's). The Auto-Owner's policy provides liability insurance in the amount of $300,000.00 per occurrence.
 {¶ 5} On June 20, 2000, Appellant filed an action in the Ashland County Court of Common Pleas, with an amended complaint being filed on October 24, 2000. Said complaint named Rachel L. Moore and several insurance companies as defendants. For purposes of this appeal, we are only interested in Continental Casualty Company and Auto-Owner's Insurance Company.
 {¶ 6} On June 15, 2001, Appellant filed a Motion for Partial Summary Judgment against Appellee Auto-Owner's, which also filed a cross Motion for Summary Judgment on June 21, 2001.
 {¶ 7} On June 25, 2001, Appellee Continental filed a Motion for Summary Judgment to which Appellant filed a cross Motion for Partial Summary Judgment on June 25, 2001.
 {¶ 8} On November 26, 2001, the trial court granted summary judgment in favor of Appellee's Auto-Owner's and Continental and against Appellant.
 {¶ 9} It is from this decision and judgment granting summary judgment which Appellant appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR
I.
 {¶ 10} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE CONTINENTAL INSURANCE COMPANY, IN DENYING PARTIAL SUMMARY JUDGMENT TO PLAINTIFF-APPELLANT, AND IN HOLDING THAT THE CONTINENTAL AUTOMOBILE INSURANCE POLICY IS NOT SUBJECT TO R.C. 3937.18 BECAUSE THE POLICY COVERS A "SELF-INSURED" COMPANY."
II.
 {¶ 11} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE AUTO-OWNER'S INSURANCE COMPANY, IN DENYING PARTIAL SUMMARY JUDGMENT TO PLAINTIFF-APPELLANT, AND IN HOLDING THAT UNINSURED AND UNDERINSURED MOTORIST COVERAGE DOES NOT ARISE BY OPERATION OF LAW UNDER THE POLICY EVEN THOUGH IT PROVIDES LIABILITY COVERAGE FOR BODILY INJURY CAUSED BY AUTOMOBILE ACCIDENTS."
 SUMMARY JUDGMENT STANDARD OF REVIEW {¶ 12} Appellant claims the trial court erred in denying its motion for summary judgment. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 448:
 {¶ 13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I. {¶ 15} In his first assignment of error, Appellant argues that the commercial automobile liability insurance policy issued by Continental Casualty Company is a motor vehicle policy of insurance and that the rejection signed with regard thereto was invalid. We disagree.
 {¶ 16} We will first address the matter of whether the policy is in question is a "policy of insurance" which must comply with the requirements of R.C. § 3937.18.
 {¶ 17} ConAgra's policy with Continental is a "fronting" or "matching deductible" policy. The policy has a liability limit of two million dollars and a matching deductible of two million dollars. The policy requires ConAgra to reimburse Continental for any claims paid on its behalf. Under the agreement, Continental provides services to ConAgra, including the defense and adjustment of claims made against it, and the use of its licenses as an insurer. The agreement and policy permit ConAgra to satisfy the motor vehicle financial responsibility requirements of the various states in which it operates motor vehicles, including Ohio. See R.C. § 4509.01, et seq., which contains Ohio's Financial Responsibility Act for motor vehicles.
 {¶ 18} At the trial level, Appellant moved for partial summary judgment, arguing that he was entitled to coverage under the Continental policy pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 1999-Ohio-292. In its cross-motion, Continental claimed that they, and not plaintiffs, were entitled to summary judgment, arguing that ConAgra's matching deductible or fronting policy with Continental is a form of self-insurance, and, therefore, it did not need to comport with the uninsured/underinsured motorist statute contained in the version of R.C. § 3937.18 that was in effect at the time appellant filed his lawsuit.[1]
 {¶ 19} Former R.C. § 3937.18, which was still in effect at the time Appellant filed his action, required insurers to offer uninsured/underinsured motorist coverage with every automobile liability or motor vehicle liability policy delivered or issued in Ohio. The named insured could only reject or accept both coverages offered pursuant to former R.C. § 3937.18(A). An insurer's failure to offer such coverage resulted in such coverage arising by operation of law. See Gyoriv. Johnston Coca-Cola Bottling Group, Inc., 76 Ohio St.3d 565, 568,1996-Ohio-358.
 {¶ 20} In Grange Mut. Cas. Co. v. Refiners Transport TerminalCorp. (1986), 21 Ohio St.3d 47, the Ohio Supreme Court held that the uninsured motorist provisions of former R.C. § 3937.18 did not apply to either self-insurers or financial responsibility bond principals. Id. at syllabus. In arriving at its decision, the court quoted, with approval, Snyder v. Roadway Express, Inc. (1982), 7 Ohio App.3d 218, which had found that to hold R.C. § 3937.18 applied to self-insurers "would result in the absurd `situation where one has the right to reject an offer of insurance to one's self * * *[.]'" Grange Mut. Cas. Co. at 49.
 {¶ 21} Appellees rely on Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000), 109 F. Supp.2d 837, in support of their proposition that former R.C. § 3937.18 did not apply to ConAgra's policy with Continental.
 {¶ 22} In Lafferty the plaintiff was seriously injured in a motor vehicle accident while driving a truck belonging to his employer. Id. at 838. After asserting claims against the driver who had caused the accident, plaintiff asserted a claim against his employer's insurer. Id. Plaintiff's employer had obtained a commercial automobile liability policy with a matching liability limit and deductible of five million dollars. Id. The employer had rejected uninsured/underinsured motorist coverage. Id. at 838-840. Plaintiff argued that, notwithstanding his employer's rejection of uninsured/underinsured motorist, his employer's insurer had failed to comply with this state's requirements regarding the offering and rejection of uninsured/underinsured coverage. Id. at 840.
 {¶ 23} The Lafferty court found that by virtue of the matching deductible policy it had obtained from its insurer, plaintiff's employer was, in effect, a self-insurer, and therefore the policy was not subject to the provisions of former R.C. § 3937.18, pursuant to Grange Mut.Cas. Co., 21 Ohio St.3d 47. Id. at 841-842. The Lafferty court also found that the requirements of the statute relating to rejection of uninsured/ underinsured motorist coverage had been satisfied. Id. at 842.
{¶ 24} Because R.C. § 3937.18 does not apply, the requirements of Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565 and Linko v. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445 also do not apply.
 {¶ 25} Based on the foregoing, appellant's first assignment of error is overruled.
 II. {¶ 26} In his second assignment of error, we must determine whether Appellant's homeowner's policy which provides limited insurance coverage to an insured for liability to a residence employee is sufficient to subject said homeowner's policy to R.C. § 3937.18, thereby requiring UM/UIM coverage.[2]
 {¶ 27} Appellant, contends that because the homeowner's policy issued in the case sub judice provides automobile liability coverage in limited circumstances, Auto-Owners Insurance Company was required to offer uninsured/underinsured motorist benefits. When it failed to do so, such benefits arose by operation of law and, moreover, were not subject to setoff or to the subrogation provisions under that policy.
 {¶ 28} Appellee, Auto-Owners Insurance Company, on the other hand, maintains that UM/UIM benefits were not offered in the instant case because the policy of insurance was a homeowner's policy not an automobile policy and therefore was not subject to R.C. § 3937.18.
 {¶ 29} We reject Appellant's arguments based on our prior decisions in in Henry v Nationwide Mutual Fire Insurance Company (Sept. 28, 2001), Muskingum App. No. CT2001-0014, unreported, and Vohsing v. Auto-Owners Ins. Co. (Jan. 14, 2002), Licking App. No. 01-CA-56, unreported, wherein we rejected the argument that the residence employee provision which provided limited liability for injuries to a residence employee as sustained in a motor vehicle was sufficient to invoke the requirements of R.C. § 3937.18. In so holding, we relied on our previous ruling in Pillo v. Stricklin (Feb. 5, 2001), Stark App. No 2000CA00201, unreported, and the recent Ohio Supreme Court decision inDavidson v. Motorists Mutual Insurance Company (2001), 91 Ohio St.3d 262.
 {¶ 30} In Davidson, supra, the Ohio Supreme Court held: "[I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is `to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.'" Id., quoting Cincinnati Indemn. Co.v. Martin (1999), 85 Ohio St.3d 604, 608.
 {¶ 31} "Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." Davidson,91 Ohio St.3d at 269.
 {¶ 32} We acknowledge that the Davidson court did not specifically address whether a "residence employee" exclusion in a homeowner's policy could be construed so as to provide UM/UIM coverage. Id. at 265.[3]
We see no reason, however, not to extend the reasoning of Davidson to the policy at issue in this case. Consequently, the policy at issue in this case cannot be construed so as to provide UM/UIM coverage.
 {¶ 33} We therefore find Appellant's second assignment of error not well-taken and overrule same.
 {¶ 34} Based on the foregoing, the judgment of the Ashland County Court of Common Pleas is affirmed.
Boggins, J., Farmer P.J. and Wise, J. concur.
[1] R.C. § 3937.18 has been amended, effective October 31, 2001, to "[e]liminate any requirement of the mandatory offer of uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages[,]" and "[t]o supersede the holding of the Ohio Supreme Court in * * * Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 85 Ohio St.3d 660 * * *." Section 3(B)(1) and (E) of SB 97 (149 v —).
[2] The Ohio Supreme Court has certified a conflict on this issue and the matter is presently pending before the Supreme Court, Lemm v. TheHartford (2001), 93 Ohio St.3d 1475 in the cases of Lemm v. The Hartford
(Oct. 4, 2001), Franklin App. No. 01AP-251, unreported, 2001 WL 1167585and Davis v. Shelby Ins. Co. (June 12, 2001), Cuyahoga App. No. 78610, unreported, 2001 WL 674854.
[3] The Ohio Supreme Court declined to decide the issue concerning the residence employee exclusion contained in the policy because it had not been argued to the lower courts in that case.