DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment in favor of Donald and Edna Musser, plaintiffs below and appellees herein. The trial court determined that appellees were entitled to underinsured motorist (UIM) coverage under a policy of insurance that Continental Casualty Company, defendant below and appellant herein, issued to Leggett and Platt, Donald Musser's employer. The case ultimately proceeded to trial and the jury awarded appellees $160,000. Appellant raises the following assignment of error:
"The trial court erred to the prejudice of the appellant in denying summary judgment in it's [sic] favor when the policy was a fronting policy not subject to the requirements of Ohio Revised Code section 3937.18
and where the appellee was subject to the deductible provision contained within the policy."
 {¶ 2} On January 30, 1999, Donald was injured in an automobile accident while a passenger in a vehicle that Steven Musser was driving. At the time of the accident, Donald was employed with Leggett and Platt, Inc. Appellant had issued to Leggett and Platt a Business Auto Policy. The policy provided $1 million in liability coverage, with a $1 million deductible.
 {¶ 3} Appellees subsequently filed a complaint against, inter alia, appellant.[3] Appellees sought UIM coverage under appellant's policy that it issued to Donald's employer, Leggett and Platt.
 {¶ 4} On August 13, 2001, appellant filed a summary judgment motion. In its motion, appellant asserted that it possessed no obligation to provide UIM coverage to appellees. Appellant argued that its policy did not contain UIM coverage and that such coverage could not be implied as a matter of law. Appellant contended that because the policy's liability limit matches the deductible, Leggett and Platt is self-insured in a practical sense. Appellant argued that the mandatory offering of UIM coverage contained in former R.C. 3937.18[4] does not apply to self-insurers.
 {¶ 5} The trial court disagreed with appellant that Leggett and Platt was self-insured in a practical sense and, thus, overruled appellant's summary judgment motion. Following the jury's verdict in appellees' favor, appellant filed a timely notice of appeal.
 {¶ 6} In its sole assignment of error, appellant asserts that the trial court erred by denying its summary judgment motion. First, appellant argues that the trial court incorrectly determined that R.C.3937.18 obligated it to offer UIM coverage to Leggett and Platt. Appellant contends that Leggett and Platt is self-insured in a practical sense and, thus, it is not required to comply with the mandatory UIM offering contained in R.C. 3937.18. Appellant further asserts that the bankruptcy clause contained within its policy does not mandate a different result. Appellant notes that its policy states: "Bankruptcy or insolvency of the `insured' or the `insured's estate will not relieve us of any obligations under this Coverage Form." Second, appellant argues that the trial court erred by determining that appellees were not subject to the same $1 million deductible that Leggett and Platt was obligated to pay in the event of a loss.
 {¶ 7} Appellees disagree with appellant that Leggett and Platt is self-insured. First, appellees assert that appellant's self-insurance argument "relies on a flawed line of case law." Appellees contend that the governing case, Grange Mut. Cas. Co. v. Refiners Transp. Terminal Corp. (1986), 21 Ohio St.3d 47, 487 N.E.2d 310, did not hold that practical self-insurers were exempt from complying with R.C. 3937.18, but instead held that a bond principal is exempt. Appellees claim that the courts that have extended Refiners to mean that practical self-insurers are exempt from R.C. 3937.18 inaccurately portrays theRefiners decision. Appellees argue that any language within Refiners
regarding a practical self-insurer's duty to comply with R.C. 3937.18 is nothing more than dicta.
 {¶ 8} With respect to appellant's argument that appellees are subject to the $1 million deductible, appellees argue that appellant failed to raise the argument during the trial court proceedings and, thus, has waived the argument for purposes of appeal.
 {¶ 9} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 10} Civ.R. 56(C) provides, in relevant part, as follows:
* * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 11} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 12} Applying the foregoing principles to the case at bar, we conclude that the trial court improperly denied appellant's summary judgment motion. First, we agree with the proposition that self-insurers need not comply with the mandatory offering of UM/UIM coverage contained in former R.C. 3937.18. In Refiners, the Ohio Supreme Court explicitly held that "[t]he uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals." Id. at syllabus; see, also, Tyler v. Kelley (1994),98 Ohio App.3d 444, 447, 648 N.E.2d 881, 882-83. The question then becomes whether the holding of Refiners applies to practical
self-insurers.
 {¶ 13} In Refiners, the deceased was fatally injured in an automobile accident while in the course and scope of employment with Refiners. At the time of the accident, Refiners used a "hybrid program" to meet its financial responsibility requirements. Refiners retained: (1) a financial responsibility bond for the first $100,000 of loss; (2) an excess liability insurance policy covering losses from $100,000 to $350,000, with an aggregate yearly deductible of $250,000; and (3) a second excess liability insurance policy for losses up to $1 million. Neither the bond nor the excess policies carried UM/UIM provisions. The deceased's insurer, Grange, filed a declaratory judgment action against Refiners seeking a determination that Refiners was required to provide uninsured motorist coverage. The Ohio Supreme Court, the court noted that the issue was "whether an employer, who meets Ohio's financial responsibility laws other than by purchasing a contract of liability insurance, must comply with the requirements concerning uninsured motorist coverage contained in R.C. 3937.18." Id. at 48. The Refiners
court determined that Refiners was not required to provide uninsured motorist coverage.
 {¶ 14} In reaching its decision, the Court first noted that Refiners had failed to comply with R.C. 4509.45[5] and 4509.72.[6]
The court nevertheless concluded that although Refiners was not self-insured "in the legal sense," it was self-insured "in the practical sense in that Refiners was ultimately responsible under the term of its bond." Id. at 49.
 {¶ 15} While the Refiners court did not consider the effect of the excess liability policies and did observe, as appellees in the case sub judice note, that Refiners' status was that of "a bond principal and not a self-insurer," id., the explicit holding of Refiners, as stated in its syllabus, is that R.C. 3937.18 does not apply to self-insurers. Although the Refiners's syllabus does not explicitly state that R.C. 3937.18 is inapplicable to practical self-insurers, we do not believe that such an extension is as large a step as appellees contend. A full reading ofRefiners suggests that R.C. 3937.18 does not apply to self-insurers, whether in the legal sense (by complying with R.C. 4509.45 and R.C.4509.72) or in the practical sense (by retaining ultimate responsibility in the event of loss).
 {¶ 16} Thus, we agree with appellant that R.C. 3937.18 does not apply to practical self-insurers and that Leggett and Platt's failure to comply with R.C. 4509.45(D) and R.C. 4509.72 is not fatal to appellant's claim that Leggett and Platt is a practical self-insurer. Next, we must determine whether Leggett and Platt is, indeed, a practical self-insurer.
 {¶ 17} In determining whether an entity is self-insured in a practical sense, courts look at who bears the risk of loss. "Self-insurance is not insurance; it is the antithesis of insurance."Physicians Ins. Co. of Ohio v. Grandview Hosp. Med. Ctr. (1988),44 Ohio App.3d 157, 158, 542 N.E.2d 706.
"[W]hile insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting. Rather, in the self-insurance context, the risk is borne by the one whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self-insures."
Jennings v. Dayton (1996), 114 Ohio App.3d 144, 148, 682 N.E.2d 1070; see, also, McCollum v. Continental Ins. Co. (Apr. 9, 1993), Lucas App. No. L-92-141 (quoting Black's Law Dictionary (6Ed. 1990), 1360) ("Self-insurance is `the practice of setting aside a fund to meet losses instead of insuring against such through insurance.'").
 {¶ 18} In Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000),109 F. Supp.2d 837, the court concluded that the named insured was self-insured when the policy's deductible was the same as the liability limit. In Lafferty, the deductible was $5 million and the liability limit was $5 million. The court stated:
"In effect, [the named insured] was a self-insurer and [the insurer] was providing a service which included the defense and adjustment of claims and the use of its licenses as an insurer so that [the named insured] could satisfy the automobile insurance requirements of the various states in which it operated motor vehicles."
Id. at 841; see, also, DeWalt v. State Farm Ins. Co. (Sept. 11, 1997), C.P. Lake No. 96CV001173 ("[B]ecause [the named insured] agreed to assume the risk of loss up to the policy limits, it is in fact self-insured in a practical sense although not self-insured in accordance with R.C. 4509.72
and R.C. 4509.45(D)." The policy did not shift the risk of loss to the insurer * * *.").
 {¶ 19} In the case at bar, Leggett and Platt's deductible, $1 million, matches the liability limit of $1 million. Leggett and Platt has agreed to assume the risk of loss up to the policy limits and, thus, retains ultimate responsibility in the event of a loss. Therefore, Leggett and Platt is self-insured in a practical sense and appellant was not required to comply with the R.C. 3937.18 mandatory offering of UIM coverage.
 {¶ 20} The existence of the bankruptcy clause does not change the result. The employer has agreed to assume the entire risk of loss in the event of an occurrence. The bankruptcy clause does not have the effect of shifting the risk of loss to the insurer in the event of an occurrence. Instead, the employer retains the risk of the loss at all times. The employer's bankruptcy or insolvency simply relieves the employer of a present obligation to pay the deductible. The insurer presumably could later attempt to recover the funds from the employer. But, see, Tuckerv. Wilson, Clermont App. No. CA2002-01-002, 2002-Ohio-5142.[7]
 {¶ 21} Having determined that Leggett and Platt is self-insured in the practical sense, we therefore conclude that appellant possessed no obligation to comply with R.C. 3937.18. To hold that R.C. 3937.18 applies to self-insurers "would result in the absurd `situation where one has the right to reject an offer of insurance to one's self.'" Refiners,21 Ohio St.3d at 49 (quoting Snyder v. Roadway Express, Inc. (1982),7 Ohio App.3d 218, 455 N.E.2d 11).
 {¶ 22} Therefore, because appellant did not possess an obligation to offer UIM coverage, we agree with appellant that the trial court erred by determining that appellees were entitled to coverage and by denying appellant's summary judgment motion. Additionally, we find that our disposition of the foregoing portion of appellant's assignment of error renders moot appellant's argument concerning whether appellees are subject to the $1 million deductible.
 {¶ 23} Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse the trial court's judgment.
JUDGMENT REVERSED.[8]
[3] On January 30, 2001, appellees filed their first complaint. The first complaint did not name appellant as a defendant, but instead named several John Does. On June 7, 2001, appellees filed an amended complaint in which they named appellant as a defendant.
[4] Over the past nine years, the Ohio General Assembly has amended R.C. 3937.18 several times. The most recent enactment, S.B. 97, eliminated the requirement of mandatory offering of UM/UIM coverage.
[5] R.C. 4509.45 provides as follows:
Proof of financial responsibility when required under section 4507.022,4509.101, 4509.32, 4509.33, 4509.34, 4509.38, 4509.40, 4509.42, or 4509.44
of the Revised Code may be given by filing any of the following:
(A) A financial responsibility identification card as provided in section 4509.104 of the Revised Code;
(B) A certificate of insurance as provided in section 4509.46 or 4509.47
of the Revised Code;
(C) A bond as provided in section 4509.59 of the Revised Code;
(D) A certificate of deposit of money or securities as provided in section 4509.62 of the Revised Code;
(E) A certificate of self-insurance, as provided in section 4509.72 of the Revised Code, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to the self-insurer.
Such proof shall be filed and maintained for five years from the date of suspension of operating privileges by the registrar of motor vehicles.
[6] R.C. 4509.72 provides as follows:
(A) Any person in whose name more than twenty-five motor vehicles are registered in this state may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the registrar of motor vehicles as provided in division (B) of this section.
(B) The registrar shall issue a certificate of self-insurance upon the application of any such person who is of sufficient financial ability to pay judgments against him.
A certificate may be issued authorizing a person to act as a self-insurer for either property damage or bodily injury liability, or both.
(C) Upon not less than five days' notice and a hearing pursuant to such notice, the registrar may cancel a certificate of self-insurance upon failure to pay any judgment within thirty days after such judgment has become final or upon other proof that such person is no longer of sufficient financial ability to pay judgments against him.
[7] In Tucker, the insurance policy contained a bankruptcy provision similar to the one involved in the case sub judice. The Tucker court determined that the existence of the bankruptcy clause negated the insurer's self-insurance argument. The court explained:
"In the case at bar, the bankruptcy clause of the [Business Auto] policy clearly provides that were [the employer] to file bankruptcy or otherwise become insolvent, [the insured] would not be relieved of its obligation to pay a valid loss during the term of the policy to a third party. Thus, although [the insured] argues that [the employer] retains full risk under the [Business Auto] policy, the language of the policy refutes that argument. It follows that however minuscule the risk to [the insurer] may be, [the insured] does not retain 100 percent of the risk of loss. Rather, some risk has shifted to [the insurer].
As previously stated, in determining whether an entity is self- insured, courts look at who bears the risk of loss. "[W]hile insurance shifts the risk of loss * * *, self-insurance involves no risk-shifting."Jennings, 114 Ohio App.3d at 148. We therefore find that since [the insured] does not retain 100 percent of the risk of loss under the bankruptcy clause of the [Business Auto] policy, [the insured] is not a self-insurer in the practical sense and is not exempt from R.C. 3937.18. See Young v. Michigan Mut. Ins. Co. (Mar. 5, 2002), Lucas C.P. No. CI00-5177; Hodnichak v. Gray (Dec. 14, 2001), Summit C.P. No. CV 1999-09-3844; and Caylor v. Pacific Emp. Ins. Co. (Aug. 3, 2001), Miami C.P. No. 99-400."
[8] This issue must be decided by the Ohio Supreme Court in order to resolve the conflicting decisions emanating from Ohio's inferior courts. Thus, if appellee files a motion to certify a conflict, we would look favorably upon that motion. Furthermore, our decision should not be construed as criticism of the trial court's judgment. This particular area of the law has undergone many changes in recent years, by the hands of both the Ohio Supreme Court and the Ohio General Assembly. Thus, it is very difficult to determine the current status of the law and the proper application of that applicable law to individual cases.
JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Dissents with Dissenting Opinion.
Kline, J. Concurs in Judgment Opinion.