PHYSICIANS INSURANCE COMPANY OF OHIO, APPELLANT, *v.* GRANDVIEW HOSPITAL AND MEDICAL CENTER, APPELLEE.

(No. 10948 — Decided October 19, 1988.)

*Christopher J. Johnson,* for appellant.

*Jerome G. Menz,* for appellee.

WILSON, J. On August 1, 1983, the defendant-appellee, Grandview Hospital and Medical Center, entered into a one-year "Resident-Hospital Contract" with Dr. Kedrin Van Steenwyk, D.O. The printed form employment contract spelled out in detail the rights and duties of each party and included the following provision:

"Grandview Hospital provides professional liability coverage through a blanket insurance policy for interns covering their professional activities in the Hospital."

During the contract period alleged medical malpractice occurred at the hospital involving Dr. Van Steenwyk which resulted in a medical malpractice complaint being filed against the resident, the hospital, and another D.O.

When the alleged malpractice occurred Van Steenwyk was covered by an individual professional liability policy issued by plaintiff-appellant, Physicians Insurance Company of Ohio ("PICO"). The PICO policy limited its liability to $200,000 for each medical incident. The policy also contained "other insurance" provisions which in effect reduced PICO's liability by requiring contribution if there was "other insurance" covering the same loss.

After the intern-hospital employment contract had been printed and before Van Steenwyk became a resident, Grandview elected to become what is commonly known as a "self-insurer."

The medical malpractice case was settled for $300,000 by PICO contributing its policy limit and by Grandview contributing $100,000.

While the malpractice case was pending PICO brought this action seeking a declaration that Grandview's above-quoted contractual obligation to its resident was "other insurance" within the meaning of the PICO policy.

PICO has appealed from the final order which in effect declared that the "Resident-Hospital Contract" was not "other insurance."

A New Jersey intermediate appellate court came to the same conclusion in a case involving similar facts in *American Nurses Assn.* v. *Passaic Gen. Hosp.* (1984), 192 N.J. Super. 486, 471 A. 2d 66. It stated:

"As a matter of common understanding, usage, and legal definition, an insurance contract denotes a policy issued by an authorized and licensed insurance company whose primary business it is to assume specific risks of loss of members of the public at large in consideration of the payment of a premium. There are, however, other risk-shifting agreements which are not insurance contracts. These include the customary private indemnity agreement where affording the indemnity is not the primary business of the indemnitor and is not subject to governmental regulation but is merely ancillary to and in furtherance of some other independent transactional relationship between the indemnitor and the indemnitee. The indemnity is, thus,

not the essence of the agreement creating the transactional relationship but is only one of its negotiated terms." *Id.* at 494-495, 471 A. 2d at 70-71.

This case was affirmed by the Supreme Court of New Jersey in its opinion reported at (1984), 98 N.J. 83, 484 A. 2d 670, 46 A.L.R. 4th 699.

The opinion in this case and the annotation which follows indicate that although there is a split of authority on the question before us the tendency has been not to consider self-insurance to be insurance.

We agree with the New Jersey courts that self-insurance is not insurance; it is the antithesis of insurance.

Insurance shifts the risk of loss from an insured to an insurer. Self-insurance "is the retention of the risk of loss by the one upon whom it is directly imposed by law or contract."

Here Grandview agreed to assume a risk of loss which as an employer it already had by operation of law.

The employment agreement in this case merely shifted the entire risk of loss as between the parties to the least-cost risk-bearer.

We affirm.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.