[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This is an action for declaratory judgment filed by the plaintiff, Hertz Corporation, against the defendants, Federal Insurance Company, Catherine Prentice Deutsch and Joan B. Berkowitz involving an accident on June 27, 1994, between an automobile owned by plaintiff and operated by the defendant Berkowitz with an automobile owned and operated by the defendant Deutsch. Plaintiff paid for the property damage to Deutsch's automobile and thereafter Deutsch commenced suit against the plaintiff and Berkowitz seeking damages for personal injuries. The plaintiff subsequently learned that the defendant Berkowitz was insured under a policy issued by the defendant, Federal Insurance Company and now claims that such coverage is primary to the coverage provided by the plaintiff under the rental car agreement. Federal Insurance maintains that the insurance provided by the plaintiff under the rental car agreement is primary, while Federal Insurance's coverage is secondary.
The plaintiff seeks a declaratory judgment from the court to determine which insurance is primary for purposes of indemnifying Berkowitz; a judgment declaring that Federal Insurance has the duty to defend Berkowitz in the pending lawsuit; and a judgment declaring that the plaintiff is entitled to recover payments it made for property damage to Deutsch's vehicle, as well as costs associated with defending the lawsuit filed by Deutsch which is pending in the judicial district of Fairfield at Bridgeport.
Both the plaintiff and Federal Insurance have filed motions for summary judgment.
 I
The rental car agreement between plaintiff and Berkowitz filed as an exhibit shows that Berkowitz refused "Liability Insurance Supplement" (LIS) and this line is followed by a notation that "Hertz liability protection is secondary." Berkowitz initialed her acknowledgment and agreement with this condition. Paragraph ten of the Rental Agreement entitled "Liability Protection" states: "(b) IF YOU DO NOT PURCHASE LIABILITY INSURANCE SUPPLEMENT (LIS) (A AGREEMENT) AT THE COMMENCEMENT OF THE RENTAL AND AN ACCIDENT RESULTS FROM THE USE OF THE CAR, YOUR INSURANCE AND THE INSURANCE OF THE OPERATOR OF THE CAR WILL BE PRIMARY."
The insurance policy issued by Federal Insurance to Berkowitz CT Page 10791 attached to the defendants' memorandum, provides, in relevant part:
 "Vehicle Liability Coverage Rider (U-1) (1993 Revision) This part of your Masterpiece Policy provides you with vehicle liability coverage from a vehicle accident unless stated otherwise or an exclusion applies. . . .
 Vehicle Liability Coverage
We cover damages a covered person is legally obligated to pay for bodily injury or property damage arising from the ownership, maintenance, or use of a motor vehicle which take place anytime during the policy period and are caused by an occurrence unless stated otherwise or an exclusion applies. . . .
 A "covered person" means: * you or a family member. . . .
 A "covered vehicle" means: * any vehicle named in the Coverage Summary . . . . * any motor vehicle not owned by you or a family member when used with the owner's permission,
provided it is not furnished or available for your or a family member's regular use.
 "Damages" means the sum that is paid or is payable to satisfy a claim settled by us or resolved by judicial procedure or by a compromise we agree to in writing.
(Emphasis added.)
This portion of the insurance policy unambiguously provides coverage for the automobile involved in the car accident, which was rented by Berkowitz, the insured. Federal Insurance's argument that, because it was not a party to the rental contract between the plaintiff and Berkowitz, it cannot be bound to an agreement regarding coverage made unilaterally by the insured, is unavailing and, in our view, insupportable at law.
The defendant's insurance policy further provides:
"Policy Terms Rider
This part of your Masterpiece Policy explains the CT Page 10792 conditions that apply to your policy . . . .
Liability Conditions
 These conditions apply to all liability coverages in this policy.
 Other Insurance
 Vehicles: When other liability insurance applies to covered damages, we will pay our share. Our share is the proportion that our amount of coverage bears to the total of all applicable amounts of coverage. However, for non-owned motorized land vehicles, this insurance is excess over any other insurance,
except that written specifically to cover excess over the amount of coverage in this policy. . . ." (Emphasis added.)
These provisions further support the obligation of Federal Insurance to provide coverage under its own contract.
 II
It is true that the plaintiff is self-insured, as permitted by General Statutes § 38a-371. No Connecticut decision has been brought to this court's attention which addresses the issue of whether an automobile liability policy is primary or excess when a covered vehicle is owned by an entity that is self-insured, as is the vehicle in the present case.
The exhaustive review of state court decisions set forth inWake County Hospital System, Inc. v. National Casualty Company,804 F. Sup. 768, 774 (E.D.N.C. 1992), aff'd, 996 F.2d 1213 (4th Cir. 1993) indicates that a majority of other state courts have ruled that self-insurance is not "other insurance" or insurance at all. In addition there are several state appellate courts which have ruled that self-insurance is not insurance on relatively similar facts to the present case. American NursesAss'n v. Passiac Gen. Hosp., 98 N.J. 83, 484 A.2d 670 (1984);Physicians Insurance Company v. Grandview Hospital and MedicalCenter, 44 Ohio App.3d 157, 542 N.E.2d 706 (1988).
There is some contrary authority for the proposition that self-insurance does qualify as "other insurance" under clauses similar to that contained in Federal Insurance's policy provided to Berkowitz. See, e.g., Ryder/P.I.E. Nationwide v. Harbor Bay,
CT Page 10793575 A.2d 416 (N.J. 1990), but that case dealt with the limits of the self-insured's liability, not whether a self-retained limit of liability can be considered "other collectible insurance" for purposes of determining which insurance company is primarily responsible to pay a claim of its insured.
 III
This court, in the absence of appellate authority, follows the majority of reported decisions in state courts which hold that self-insurance does not constitute "other insurance" in the context of the present case. Because plaintiff was self insured, Federal Insurance's coverage of the vehicle involved in the car accident is primary and the plaintiff s coverage is secondary, as specified by the terms of the rental car agreement.
Since there are no genuine issues of material fact, and the plaintiff is entitled to judgment as a matter of law, its motion for summary judgment is granted and the defendants' cross-motion for summary judgment is denied.
Jerry Wagner Judge Trial Referee