DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in favor of David J. Adams, plaintiff below and appellee herein, and against Lumbermens Mutual Casualty Company, defendant below and appellant herein. The trial court determined that appellee was entitled to underinsured motorist (UIM) coverage under appellant's commercial garage policy issued to appellee's employer, Kenworth Trucking/PACCAR.
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred in denying defendant Lumbermens Mutual Casualty Company's motion for summary judgment insofar as it held that Lumbermens owes UM/UIM coverage under the Lumbermens garage policy issued to PACCAR, Inc."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred in ruling that PACCAR is not, in the practical sense, self-insured and, therefore, is subject to O.R.C. section 3937.18."
THIRD ASSIGNMENT OF ERROR:
"The trial court erred by failing to find that the insured, PACCAR, validly rejected UM/UIM motorist coverage on June 20, 2000, said rejection, which is presumptively valid under O.R.C. 3937.18. [sic]"
FOURTH ASSIGNMENT OF ERROR:
"The trial court erred in finding that the plaintiff is an insured under the subject Lumbermens policy."
FIFTH ASSIGNMENT OF ERROR:
"The trial court erred by failing to recognize that Lumbermens is entitled to a declaration to the effect that the plaintiff is subject to the $2 million deductible in the garage policy issued to PACCAR."
¶ 1 Our review of the record reveals the following facts pertinent to the instant appeal. On July 27, 2001, appellee filed a complaint against, inter alia, appellant. Appellee requested, inter alia, a declaration that he is entitled to UIM coverage under appellant's policy that it issued to appellee's employer.
 {¶ 2} On December 27, 2001, appellee filed a motion for partial summary judgment and requested the trial court to declare that pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,710 N.E.2d 1116, he is entitled to UIM coverage under appellant's policy. On January 24, 2002, appellant filed a memorandum contra and a cross-motion for summary judgment. Appellant asserted that it is entitled to judgment as a matter of law and raised three arguments in support of its summary judgment motion. First, appellant argued that the employer is self-insured in a practical sense and, thus, R.C. 3937.18 does not apply. Second, appellant contended that if R.C. 3937.18 does apply, then the employer validly rejected UIM coverage. Third, appellant asserted that if the trial court determines that appellee is an insured entitled to UIM coverage under appellant's policy, appellee is subject to the $2 million deductible.
 {¶ 3} In response, appellee contended that appellant is not self-insured in a practical sense. Appellee argued that because appellant's policy contains a provision stating that "[b]ankruptcy or insolvency of the `insured' or the `insured's' estate will not relieve us of any obligations under this Coverage Form," the employer did not assume the entire risk of loss, and thus the employer is not self-insured. Appellee asserted that if the employer became bankrupt, appellant would have an obligation to pay under the policy. Appellee thus claimed that R.C. 3937.18 applies. Appellee further argued that the employer did not validly reject UIM coverage. With respect to appellant's argument that appellee would be subject to the $2 million deductible, appellee asserted that because the employer did not validly reject UIM coverage, such coverage would be implied as a matter of law. Appellee contended that when UIM coverage is implied as a matter of law, provisions governing the general liability policy do not apply, and, thus, the deductible would apply only to the general liability provisions and not to the UIM coverage implied as a matter of law.
 {¶ 4} On March 22, 2002, the trial court denied appellant's cross-motion for summary judgment and granted appellee's summary judgment motion. The trial court determined that the employer is not self-insured because the employer does not bear the entire risk of loss. The trial court agreed with appellee that because the insurer would be obligated to pay in the event of bankruptcy, the employer did not assume the entire risk of loss. The court also concluded that the employer did not validly reject UIM coverage and that appellee is not subject to paying the $2 million deductible.
 {¶ 5} Appellant filed a timely notice of appeal.
 I {¶ 6} In its five assignments of error, appellant asserts that the trial court erroneously granted summary judgment in appellee's favor for the following reasons: (1) the insured, appellee's employer, is self-insured in a practical sense and therefore not subject to the mandatory offering of UM/UIM coverage; (2) assuming R.C. 3937.18
applies, the insured validly rejected UM/UIM coverage; (3) appellee is not an "insured" within the meaning of its policy; and (4) appellee is subject to the $2 million deductible contained in the policy.
 A SUMMARY JUDGMENT STANDARD {¶ 7} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
* * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 8} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
* * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. See Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 B SELF-INSURANCE {¶ 9} Appellant argues that because its insured, appellee's employer, carries a deductible in the same amount as its liability limit, the employer is self-insured in a practical sense.
 {¶ 10} Appellee asserts that the employer is not self-insured in a practical sense. Appellee claims that were the employer to become bankrupt or insolvent, appellant would be required to pay under the policy. Appellee further argues that even if his employer is self-insured in a practical sense, its insurance policy nonetheless qualifies as an "automobile liability or motor vehicle liability policy of insurance," as defined in R.C. 3937.18(L), and, thus, appellant was required to comply with R.C. 3937.18.
 {¶ 11} "The uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals." Grange Mut. Cas. Co. v. Refiners Transp. TerminalCorp. (1986), 21 Ohio St.3d 47, 487 N.E.2d 310, syllabus; see, also,Tyler v. Kelley (1994), 98 Ohio App.3d 444, 447, 648 N.E.2d 881, 882-83. "Self-insurance is not insurance; it is the antithesis of insurance."Physicians Ins. Co. of Ohio v. Grandview Hosp. Med. Ctr. (1988),44 Ohio App.3d 157, 158, 542 N.E.2d 706.
"[W]hile insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting. Rather, in the self-insurance context, the risk is borne by the one whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self-insures."
Jennings v. Dayton (1996), 114 Ohio App.3d 144, 148, 682 N.E.2d 1070; see, also, McCollum v. Continental Ins. Co. (Apr. 9, 1993), Lucas App. No. L-92-141 (quoting Black's Law Dictionary (6Ed. 1990), 1360) ("Self-insurance is `the practice of setting aside a fund to meet losses instead of insuring against such through insurance.'"). To hold that R.C. 3937.18 applies to self-insurers "would result in the absurd `situation where one has the right to reject an offer of insurance to one's self.'" Grange Mut. Cas. Co., 21 Ohio St.3d at 49 (quoting Snyderv. Roadway Express, Inc. (1982), 7 Ohio App.3d 218, 455 N.E.2d 11). In determining whether an entity is self-insured, courts look at who bears the risk of loss. See Jennings, supra.
 {¶ 12} In Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000),109 F. Supp.2d 837, the court concluded that the named insured was self-insured when the policy's deductible was the same as the liability limit. In Lafferty, the deductible was $5 million and the liability limit was $5 million. The court stated:
"In effect, [the named insured] was a self-insurer and [the insurer] was providing a service which included the defense and adjustment of claims and the use of its licenses as an insurer so that [the named insured] could satisfy the automobile insurance requirements of the various states in which it operated motor vehicles."
Id. at 841; see, also, DeWalt v. State Farm Ins. Co. (Sept. 11, 1997), C.P. Lake No. 96CV001173 ("[B]ecause [the named insured] agreed to assume the risk of loss up to the policy limits, it is in fact self-insured in a practical sense although not self-insured in accordance with R.C. 4509.72
and R.C. 4509.45(D)." The policy did not shift the risk of loss to the insurer * * *.").
 {¶ 13} In the case at bar, the insured's deductible, $2 million, matches the liability limit of $2 million. Therefore, appellee's employer is self-insured in a practical sense and appellant was not required to comply with the R.C. 3937.18 mandatory offering of UIM coverage.
 {¶ 14} The existence of the bankruptcy clause does not change the result. The employer has agreed to assume the entire risk of loss in the event of an occurrence. The bankruptcy clause does not have the effect of shifting the risk of loss to the insurer in the event of an occurrence. Instead, the employer retains the risk of the loss at all times. The employer's bankruptcy or insolvency simply relieves it of a present obligation to pay. It seems that nothing would prohibit the insurer from seeking to later recover the funds from its insured.[2] But, see,Tucker v. Wilson, Clermont App. No. CA2002-01-002, 2002-Ohio-5142.[3]
 {¶ 15} Appellee nevertheless argues that appellant, as a self-insurer in the practical sense, is obligated to comply with R.C.3937.18. Appellee claims that because appellant's policy constitutes an "automobile liability or motor vehicle liability policy of insurance" within the meaning of R.C. 3937.18(L), appellant was required to comply with R.C. 3937.18 and its mandatory offering of UIM coverage.
 {¶ 16} Former R.C. 3937.18(L)[4] provided:
As used in this section, "automobile liability or motor vehicle liability policy of insurance" means either of the following:
(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section.
 {¶ 17} Our research has revealed another case that has considered the same argument. See Dolly v. Old Republic Ins. Co. (N.D.Ohio. 2002),200 F. Supp.2d 823, 835-39. In Dolly, the plaintiff argued that because the self-insurance policy is used to meet Ohio's financial responsibility laws, the policy fell within the definition of an "automobile liability or motor vehicle liability policy of insurance," subject to the mandatory offering of UIM coverage. The court disagreed. The court concluded that under Ohio case law, self-insurance does not constitute a "policy of insurance." Id. at 835-36.
 {¶ 18} We agree with the Dolly court's reasoning. Because self-insurance is not insurance at all, but the antithesis of insurance, a self-insurance arrangement cannot fall within the definition of a "policy of insurance" as used in R.C. 3937.18(L).
 {¶ 19} We therefore conclude that because the employer is self-insured in the practical sense, appellant was not required to comply with R.C. 3937.18. Thus, appellant was not required to offer UIM coverage and UIM coverage may not be implied as a matter of law.
 {¶ 20} Because we find appellant's argument regarding whether the employer is self-insured dispositive of the instant appeal, we will not address appellant's remaining arguments. See App.R. 12(A)(1)(c).
 {¶ 21} Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error and reverse the trial court's judgment.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Dissents with Dissenting Opinion.
Kline, J.: Concurs in Judgment Opinion.
[2] We note that, ultimately, the Ohio Supreme Court must resolve the issue regarding self-insurance. The Ohio Supreme Court's Scott-Pontzer
and Linko v. Indemn. Ins. Co. of N. Am (2000), 90 Ohio St.3d 445,739 N.E.2d 338 decisions have spawned much litigation and have inundated trial and appellate courts with countless cases. The appellee herein may wish to consider filing a properly supported motion to certify a conflict for final determination to the Ohio Supreme Court.
[3] In Tucker, the insurance policy contained a bankruptcy provision similar to the one involved in the case sub judice. The Tucker court determined that the existence of the bankruptcy clause negated the insurer's self-insurance argument. The court explained:
"In the case at bar, the bankruptcy clause of the [Business Auto] policy clearly provides that were [the employer] to file bankruptcy or otherwise become insolvent, [the insurer] would not be relieved of its obligation to pay a valid loss during the term of the policy to a third party. Thus, although [the insurer] argues that [the employer] retains full risk under the [Business Auto] policy, the language of the policy refutes that argument. It follows that however minuscule the risk to [the insurer] may be, [the employer] does not retain 100 percent of the risk of loss. Rather, some risk has shifted to [the insurer].
As previously stated, in determining whether an entity is self-insured, courts look at who bears the risk of loss. "[W]hile insurance shifts the risk of loss * * *, self-insurance involves no risk-shifting." Jennings, 114 Ohio App.3d at 148. We therefore find that since [the insured] does not retain 100 percent of the risk of loss under the bankruptcy clause of the [Business Auto] policy, [the employer] is not a self-insurer in the practical sense and is not exempt from R.C.3937.18. See Young v. Michigan Mut. Ins. Co. (Mar. 5, 2002), Lucas C.P. No. CI00-5177; Hodnichak v. Gray (Dec. 14, 2001), Summit C.P. No. CV 1999-09-3844; and Caylor v. Pacific Emp. Ins. Co. (Aug. 3, 2001), Miami C.P. No. 99-400."
[4] On October 31, 2001, the Ohio General Assembly enacted S.B. 97, which significantly changed UM/UIM coverage in Ohio. Pursuant to the amended version of R.C. 3937.18, automobile liability insurers are no longer required to offer UM/UIM coverage. The General Assembly's intent in enacting S.B. 97 and in significantly changing the UM/UIM statutory provisions was to supersede a long line of Ohio Supreme Court cases. See 2001 S.B. 97, Section 3.