{¶ 24} I respectfully dissent from the majority's conclusion that the "fronting agreement" at issue in this case makes Ann Kohntopp's employer, Sunoco, self-insured in a "practical sense." "Fronting agreements" are devices unabashedly intended to circumvent the statutory requirements the legislature erected to insure that businesses and individuals in Ohio be financially responsible with respect to motor vehicles principally operated or garaged here. R.C. 4509.72 defines the manner in which a fleet operator may fulfill the required proof of financial responsibility via a certificate of self-insurance. There is no mention of a" fronting agreement." I view a "fronting agreement" as a creation of the judiciary which should certainly be subject to the strictest scrutiny, if permitted at all.
 {¶ 25} Concerning this particular "fronting agreement," as we noted in McCollum v. Continental Ins. Co. (Apr. 9, 1993), Lucas App. No. L-92-141: "Self-insurance is `the practice of setting aside a fund to meet losses instead of insuring against such through insurance.' Black's Law Dictionary (6th Ed. 1990) 1360. Self-insurance is the antithesis of insurance. Physicians Ins. Co. of Ohio v. Grandview Hosp. and MedicalCtr. (1988), 44 Ohio App.3d 157, 158, 542 N.E.2d 706. Insurance shifts the risk of loss from the insured to the insurer. A self-insurer retains the risk of loss imposed by law or contract. Id." The sine qua non of a self-insurer is that no risk is ever transferred from the insured to the insurer.
 {¶ 26} Here, in spite of the plain language of the policies that, "[b]ankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve [ACE] of any obligations under this Coverage Form," the majority concludes that another provision which sets a deductible identical to coverage operates to render the bankruptcy provision of the policy inoperative, thus negating any risk shifting that the provision might engender. If this were true, the policy would be a contradictory piece of paper offering protection to no one. As a practical matter, if a Sunoco operated vehicle precipitated liability, ACE would settle the claim and bill Sunoco. If, in the intervening time, Sunoco became insolvent, ACE would have, in a practical manner, assumed Sunoco's risk.
 {¶ 27} In my view, the" fronting agreement" before us does not make Sunoco self-insured. Therefore, I would follow Gilchrist v. Gonsor, Cuyahoga App. No. 80944, 2003-Ohio-2297; Tucker v. Wilson, Clermont App. No. CA2002-01-002, 2002-Ohio-5142 and Dalton v. Wilson, Franklin App. No. 01AP-1014, 2002-Ohio-4015, and find that the policy at issue here does not make Sunoco self-insured.