OPINION
{¶ 1} Appellant Ray Huff appeals the March 26, 2003 decision of the Ashland County Court of Common Pleas granting Appellee National Union Fire Insurance Company's Motion for Summary Judgment finding that the primary policy of insurance issued by National Union was a "fronting policy."
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 5, 1999, Plaintiff-Appellant Ray Huff was involved in an automobile accident cause by defendant Kelly R. Keller, deceased.
 {¶ 3} At the time of the accident, Plaintiff-Appellant Huff was employed by USF Logistics, a subsidiary of US Freightways Corporation (USF) as a truck driver and was, in fact, acting in the course and scope of his employment driving a truck for USF.
 {¶ 4} USF was insured under a liability policy of insurance issued by National Union (RM CA 320-89-47) with liability coverage of $2,000,000. Defendant-Appellee National Union contends that said policy is a "fronting policy" because it contains a matching deductible of $2,000,000. Said policy did not contain UM/UIM coverage but did contain a rejection form as to said coverage.
 {¶ 5} USF was also insured under an umbrella policy issued by National Union (No. 932-25-54) with liability coverage of $8,000,000 per occurrence.
 {¶ 6} On April 26, 2001, Plaintiff-Appellant filed a Complaint with the Ashland County Court of Common Pleas seeking UM/UIM coverage under the primary and umbrella insurance policies issued by Defendant-Appellant National Union.
 {¶ 7} On December 12, 2002, Defendant-Appellant National Union filed a Motion for Summary Judgment arguing that as a fronting policy it is exempt from the requirements of R.C. 3937.18, that its rejection was compliant with R.C. 3937.18, that Appellant was not operating a "covered auto" for purposes of UM/UIM coverage, and that it was entitled to set-off for all amounts paid to Appellant.
 {¶ 8} On March 26, 2003, the trial court granted Defendant-Appellee's Motion for Summary Judgment, holding:
 {¶ 9} "Upon consideration, this Court finds that this policy in question is a Fronting Policy, and as such, is exempt from the requirements of Ohio Revised Code Section 3937.18, as a self-insurer in the practical sense."
 {¶ 10} It is from this decision which Plaintiff-Appellant now appeals, assigning the follow error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE COURT ERRED IN GRANTING DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY'S MOTION FOR DEFAULT [SIC] JUDGMENT AND DISMISSING DEFENDANT NATIONAL UNION. SPECIFICALLY, THE COURT ERRED IN HOLDING THAT THE POLICY IN QUESTION WAS A `FRONTING POLICY' AND AS SUCH, IS EXEMPT FROM THE REQUIREMENTS OF ORC SECTION 3937.18, AS A `SELF INSURER IN THE PRACTICAL SENSE.' "
 SUMMARY JUDGMENT STANDARD OF REVIEW {¶ 12} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 {¶ 13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I. {¶ 15} Appellant, in his sole assignment of error, claims that the trial court erred in finding the liability insurance policy in the case sub judice to be a "fronting policy."
 {¶ 16} A fronting policy is a form of self-insurance in which the deductible is identical to the limits of liability, and the insurance company acts only as surety that the holder of the fronting policy will be able to pay any judgment covered by the policy.
 {¶ 17} Under the version of R.C. § 3937.18 that was in effect at the time appellant filed his lawsuit, the mandatory offer requirement of uninsured/underinsured motorists coverage did not apply to a self-insurer.
 {¶ 18} The National Union policy in the instant case has a liability limit of two million dollars and a matching deductible of two million dollars. The policy requires USF to reimburse National Union for any claims paid on its behalf. Under the agreement,
 National Union provides services to USF, including the defense and adjustment of claims made against it, and the use of its licenses as an insurer. The agreement and policy permit USF to satisfy the motor vehicle financial responsibility requirements of the various states in which it operates motor vehicles, including Ohio. See R.C. § 4509.01, et seq., which contains Ohio's Financial Responsibility Act for motor vehicles.
 {¶ 19} Former R.C. § 3937.18, which was still in effect at the time Appellant filed his action, required insurers to offer uninsured/underinsured motorist coverage with every automobile liability or motor vehicle liability policy delivered or issued in Ohio. The named insured could only reject or accept such coverage offered pursuant to former R.C. § 3937.18(A). An insurer's failure to offer such coverage resulted in such coverage arising by operation of law. See Gyori v.Johnston Coca-Cola Bottling Group, Inc., 76 Ohio St.3d 565, 568,1996-Ohio-358.
 {¶ 20} In Grange Mut. Cas. Co. v. Refiners Transport Terminal Corp. (1986), 21 Ohio St.3d 47, the Ohio Supreme Court held that the uninsured motorist provisions of former R.C. § 3937.18 did not apply to either self-insurers or financial responsibility bond principals. Id. at syllabus. In arriving at its decision, the court quoted, with approval, Snyder v. Roadway Express, Inc. (1982),7 Ohio App.3d 218, which had found that to hold R.C. § 3937.18
applied to self-insurers "would result in the absurd `situation where one has the right to reject an offer of insurance to one's self * * *[.]' "Grange Mut. Cas. Co. at 49.
 {¶ 21} Appellant contends that National Union retained the risk of loss in the event of bankruptcy or insolvency on the part of USF based on the following language contained in the National Union policy:
 {¶ 22} "1. BANKRUPTCY
 {¶ 23} "Bankruptcy or insolvency of the "insured" or the "insured's estate will not relieve us of any obligation under this Coverage Form."
 {¶ 24} In its appellate brief, Appellee National Union counters this argument by stating that USF has retained 100% of this loss through an irrevocable letter of credit, which would stand as collateral in the event of bankruptcy.
 {¶ 25} If such letter of credit exists, we would agree with Appellee that USF had retained 100% of the risk of loss under the policy sub judice and that USF would be self insured in the practical sense. USF would therefore be exempt from the mandates of R.C. 3937.18.
 {¶ 26} However, a review of the record before us is devoid of any evidence of such letter of credit. We therefore remand this matter back to the trial court for a determination as to the existence of such letter of credit.
 {¶ 27} Based on the foregoing, the decision of the trial court is reversed and this cause is remanded to the trial court for proceedings consistent with this opinion.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.