OPINION
{¶ 1} Appellant Ray Huff appeals the March 26, 2003 decision of the Ashland County Court of Common Pleas granting Appellee National Union Fire Insurance Company's Motion for Summary Judgment finding that no UM/UIM coverage was available under the commercial umbrella policy.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 5, 1999, Plaintiff-Appellant Ray Huff was involved in an automobile accident cause by defendant Kelly R. Keller, deceased.
 {¶ 3} At the time of the accident, Plaintiff-Appellant Huff was employed by USF Logistics, a subsidiary of US Freightways Corporation (USF) as a truck driver and was, in fact, acting in the course and scope of his employment driving a truck for USF.
 {¶ 4} USF was insured under a liability policy of insurance issued by National Union (RM CA 320-89-47) with liability coverage of $2,000,000. Defendant-Appellee National Union contends that said policy is a "fronting policy" because it contains a matching deductible of $2,000,000. Said policy did not contain UM/UIM coverage but did contain a rejection form as to said coverage.
 {¶ 5} USF was also insured under an umbrella policy issued by National Union (No. 932-25-54) with liability coverage of $8,000,000 per occurrence.
 {¶ 6} On April 26, 2001, Plaintiff-Appellant filed a Complaint with the Ashland County Court of Common Pleas seeking UM/UIM coverage under the primary and umbrella insurance policies issued by Defendant-Appellant National Union.
 {¶ 7} On December 12, 2002, Defendant-Appellant National Union filed a Motion for Summary Judgment arguing that as a fronting policy it is exempt from the requirements of R.C. 3937.18, that its rejection was compliant with R.C. 3937.18, that Appellant was not operating a "covered auto" for purposes of UM/UIM coverage, and that it was entitled to set-off for all amounts paid to Appellant.
 {¶ 8} On February 12, 2003, National Union filed a Supplemental Motion for Summary Judgment arguing that Plaintiff-Appellant's are not entitled to UM/UIM coverage under the umbrella policy because they are not entitled to such coverage under the primary policy or fronting policy and that the umbrella policy is excess to the fronting policy. National Union also claim arguendo that only Plaintiff Ray Huff would be an insured under the umbrella policy if UM/UIM coverage were to be imposed by operation of law.
 {¶ 9} On March 26, 2003, the trial court granted Defendant-Appellee's first Motion for Summary Judgment, holding:
 {¶ 10} "Upon consideration, this Court finds that this policy in question is a Fronting Policy, and as such, is exempt from the requirements of Ohio Revised Code Section 3937.18, as a self-insurer in the practical sense."
 {¶ 11} On March 26, 2003, the trial court also granted Defendant-Appellee's Supplemental Motion for Summary Judgment, holding:
 {¶ 12} "This Court having previously ruled that the Plaintiffs are not entitled to coverage under the Fronting Policy because USF is self-insured in the practical sense, the issue on this Supplemental Motion is coverage under the commercial umbrella liability policy.
 {¶ 13} "This Court holds that there is likewise no coverage under this commercial umbrella policy. Therefore, this Supplemental Motion for Summary Judgment is found well-taken, and Defendant National Union is entitled to judgment as a matter of law."
 {¶ 14} It is from this decision which Plaintiff-Appellant now appeals, assigning the follow error for review:
 ASSIGNMENT OF ERROR {¶ 15} "I. THE COURT ERRED IN GRANTING DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY'S MOTION FOR DEFAULT [SIC] JUDGMENT AND DISMISSING DEFENDANT NATIONAL UNION. SPECIFICALLY, THE COURT ERRED IN HOLDING THAT THE UMBRELLA POLICY IN QUESTION DID NOT PROVIDE UNINSURED MOTORIST INSURANCE COVERAGE."
 SUMMARY JUDGMENT STANDARD OF REVIEW {¶ 16} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 {¶ 17} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327."
 {¶ 18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I. {¶ 19} Appellant, in his sole assignment of error, claims that the trial court erred in finding that the commercial umbrella liability insurance policy in the case sub judice did not provide UM/UIM coverage.
 {¶ 20} The commercial umbrella liability policy in the instant case is an excess policy and if no coverage is available under the underlying policy, excess coverage is likewise unavailable.
 {¶ 21} In the companion case to the case sub judice, Ray Huff, etal. v. Kelly R. Keller, et al., Ashland App. No. 02-COA-019,2003-Ohio-5625, this court reversed the trial court's decision as to the underlying primary liability policy and remanded the case back to the trial court for a determination as to the existence of a letter of credit.
 {¶ 22} We held in said case, that if such letter of credit exists, we would agree with Appellee that USF had retained 100% of the risk of loss under the policy sub judice and that USF would be self-insured in the practical sense. USF would therefore be exempt from the mandates of R.C. 3937.18.
 {¶ 23} Coverage under the umbrella policy will turn on the trial court's determination as to the existence of such letter of credit.
 {¶ 24} Based on the foregoing, we must reverse the trial court's decision on the umbrella coverage and remand this cause to the trial court for proceedings consistent with this opinion.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.